# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMIJIT SINGH GOSAL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 1:26-cv-04307-SAB<br><br>ORDER VACATING INITIAL SCHEDULING CONFERENCE<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $50 PER DAY<br><br>ORDER DIRECTING DEFENDANTS TO FILE A STATUS REPORT<br><br>(ECF Nos. 6, 7) |

## I.

## BACKGROUND

Plaintiff commenced this action on June 5, 2026, and the initial scheduling conference is set for September 24, 2026. (ECF Nos. 1, 2.) On September 4, 2026, the Court observed that Catherine J. Swann had appeared on behalf of all Defendants, and while no answer had been filed, a notice of ineffective service had been filed. (ECF Nos. 5, 6.) The Court ordered Plaintiff to file a status report by September 11, 2026, regarding the readiness to proceed with the initial scheduling conference, including moving for an extension of time under Federal Rule of Civil Procedure 4(m). (ECF No. 6.) Plaintiff did not file a status report, and on September 14, 2026, the Court issued an order to show cause requiring Plaintiff to show cause in writing why sanctions should not be imposed for failure to comply with a court order. (ECF No. 7.) The Court gave Plaintiff a deadline of seven days; that deadline has passed and Plaintiff has again failed to meet a deadline.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day the party fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the [party] to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

/ / /

## II.

## DISCUSSION

Plaintiff has now repeatedly failed to comply with the Court's orders in this action, most recently, the Court's September 14, 2026 order to show cause for failing to file a status report regarding readiness to proceed with the initial scheduling conference. (ECF No. 7.) Plaintiff's failure to respond to two court orders is unacceptable. The Eastern District of California is currently in a judicial resource emergency, which leaves little room for corralling parties. Even still, the Court observes that its September 4, 2026 order regarding readiness was a courtesy order designed to check in with Plaintiff because Plaintiff had not filed summonses returned executed or anything else on the docket indicating the status of the case.

Given Plaintiff's repeated failures to comply with Court orders, a daily sanction shall be imposed to compel Plaintiff to comply with the Court's order to show cause and order requiring a status report. Plaintiff shall pay a sanction of $50.00 for each day that he fails to file a response to the September 14, 2026 order to show cause and September 4, 2026 order requiring Plaintiff to file a status report. A $50.00 sanction shall be jointly and severally imposed on Plaintiff and counsel for Plaintiff beginning at **5:00 p.m. on September 25, 2026**, and shall continue to be imposed **each day thereafter** until a response or another filing addressing the Court's orders are filed. To comply with this order, any filing must include an explanation for Plaintiff's most recent failure to comply with this Court's order and any requests made therein must be supported by good cause. The daily deadline for sanctions shall expire at the close of business each day, 5:00 p.m. (PST).

Should Plaintiff fail to comply with this order, the Court will consider imposing further sanctions including, but not limited to, reporting of counsel to the California State Bar and terminating sanctions.

Finally, because the Court is unsure of the posture of this case, the Court will direct Defendants to file a status report indicating their interaction with Plaintiff, if any, and where in their view this case is situated.

/ / /

## III.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The September 24, 2026 initial scheduling conference is VACATED to be reset if necessary in the future;
2. Plaintiff and Plaintiff's counsel shall jointly and severally be obligated to pay the Clerk of the Court **$50.00 per day via cashier's check beginning at 5:00 p.m. on September 25, 2026**, until a response or another filing is filed addressing the Court's September 4 and September 14, 2026 orders; and
3. Defendants are DIRECTED to file a status report within **seven (7) days** regarding any interaction they have had with Plaintiff, where the case is situated in their view, and/or whether they will be moving for dismissal, including under Fed. R. Civ. P. 12(b)(4) or (5).

IT IS SO ORDERED.

Dated: **September 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge